# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Hassan Abdilkadir Sheikh-Mursal,<br><br>Defendant. | Crim. No. 19-171 (ADM/BRT)<br><br>**ORDER** |

Manda M. Sertich, Esq., Assistant United States Attorney, counsel for Plaintiff.

F. Clayton Tyler, Esq., F. Clayton Tyler, P.A., counsel for Defendant.

This matter is before the Court on Defendant Hassan Abdilkadir Sheikh-Mursal's pretrial motions. Based on the file and documents contained therein, the Court makes the following Order:

**1.  The Government's Motion for Discovery.**

Pursuant to Fed. R. Crim. P. 16(b), the Government moves the Court for an order requiring Defendant to disclose and permit inspection and copying of evidence he intends to introduce at trial including documents and tangible objects, reports of examinations and tests, and expert testimony. The Government specifically requests that expert disclosures for both parties be made 30 days before trial, and rebuttal expert disclosures be made no later than 10 days before trial.

Pursuant to Fed. R. Crim. P. 12.1, the Government requests an order requiring Defendant—if he intends to claim alibi as a defense—to state the specific place or places

where Defendant claims to have been at the time of the offenses alleged, and the names and addresses of witnesses upon whom Defendant will rely to establish his alibi.

Pursuant to Fed. R. Crim. P. 12.2, the Government requests an order requiring Defendant—if he intends to rely upon the defense of insanity or introduce expert testimony relating to a mental condition of Defendant bearing upon the issue of guilt – to notice the Government no later than the date of the first hearing on pretrial motions.

Pursuant to Fed. R. Crim. P. 12.3, the Government requests an order requiring Defendant—if he intends to rely upon a defense of actual or believed exercise of public authority on behalf of a law enforcement or federal intelligence agency at the time of the offense—to give notice to the Government and the Court no later than the first hearing on pretrial motions.

Pursuant to Fed. R. Crim. P. 26.2, the Government requests an order requiring Defendant to produce all statements in his possession or control of any witness that Defendant calls in connection with a suppression hearing, detention hearing, trial, or sentencing.

Defendant does not oppose any of the Government's requests. The Government's Motion for Discovery (**Doc. No. 17**) is **GRANTED**.

**2. Defendant's Motion for Disclosure of Evidence Favorable to the Defendant.** Defendant moves the Court for an order compelling the Government to disclose evidence favorable to the defense, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. Defendant requests that the order direct the prosecution to review files of agencies involved in the

case to determine whether any additional exculpatory material exists and to disclose such material to the defense. The Government agrees to provide any exculpatory or impeaching information as it comes to light, to the extent required by *Brady*, *Giglio*, and their progeny. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant **(Doc. No. 27)** is **GRANTED** to the extent that the Government must continue to comply with its disclosure obligations under *Brady*, *Giglio*, and their progeny. Within 10 days of the date of this order the government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware, and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed

3. **Defendant's Motion for Disclosure of Grand Jury Transcripts.**
Defendant moves the Court for an order compelling the Government to disclose grand jury transcripts for this matter. Generally, defendants are not entitled to grand jury transcripts unless they can demonstrate a "particularized need." *United States v. Proctor & Gamble*, 356 U.S. 677, 683 (1958); *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994). Here, Defendant has not attempted to make such a showing and Defendant's Motion for Disclosure of Grand Jury Transcripts **(Doc. No. 28)** is **DENIED**. The Government represents that it will produce the grand jury transcript of any witness it intends to call at the motions hearing or trial as required by the Federal Rules of Criminal Procedure.

4. **Defendant's Motion for Disclosure of Jencks Act Material.** Defendant moves for an order requiring the Government's early compliance with the Jencks Act,

specifically requesting disclosure at least one week prior to the commencement of trial. The Jencks Act generally provides that the Government may not be compelled to disclose witness statements and reports prior to presentation of the witness' testimony at trial. Because the statute plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Act Material **(Doc. No. 29)** is **DENIED**. Nothing in this Order precludes the Government from disclosing Jencks Act material prior to trial as is customarily done in this District.

5.  **Defendant's Motion for Pretrial Disclosure of 404 Evidence.** Defendant moves for immediate disclosure of any "bad act" or "similar course of conduct" evidence the Government intends to offer at trial pursuant to Fed. R. Evid. 404(b). The Government represents that it is aware of its obligations and agrees to provide notice of any Rule 404(b) evidence it intends to use at trial no later than two weeks prior to trial, to the extent it has not already been disclosed. Defendant's Motion for Pretrial Disclosure of Rule 404 Evidence **(Doc. No. 30)** is **GRANTED** to the extent that the Government must disclose any evidence subject to Fed. R. Evid. 404(b) at least **fourteen days** before trial. To the extent it seeks evidence of acts "intrinsic" to the charged offenses, however, Defendant's motion is **DENIED**. *See* Fed. R. Crim. P. 404(b) advisory committee's note to 1991 amendment; *United States v. DeLuna*, 763 F.2d 897, 912–13 (8th Cir. 1985)

("[W]here the evidence of an act and the evidence of the crime charged are inextricably intertwined, the act is not extrinsic and Rule 404(b) is not implicated.") (citation omitted).

6. **Defendant's Motion for Disclosure of Wiretaps and Electronic Surveillance.** Defendant requests disclosure and certification of the extent of any of the Government's electronic surveillance in this case, including wire-tapping and other investigative methods. The Government represents that no such surveillance was used in this case. Accordingly, Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance **(Doc. No. 31)** is **DENIED** as moot.

7. **Defendant's Pretrial Motion for Discovery and Inspection.** Defendant seeks an order, pursuant to Rules 12 and 16, requiring the Government to disclose or continue to disclose all written, recorded, or oral statements made by Defendant, the substance of any oral statements made by Defendant, and Defendant's prior record. In addition, Defendant asks for permission to inspect and/or copy certain objects, including photographs, which are material to the preparation of his defense or are intended for use by the Government in its case-in-chief, and the results of any physical or mental examinations, and of scientific tests or experiments. Defendant also requests permission to inspect and copy results or reports of physical or mental examinations and of scientific tests or experiments or copies thereof in the custody or control of the Government. The Government agrees to provide all Rule 16 information and believes it already has complied. Defendant's Pretrial Motion for Discovery and Inspection **(Doc. No. 32)** is **GRANTED**. As indicated above, expert disclosures for both parties shall be made **30 days** before trial, and rebuttal expert disclosures no later than **10 days** before trial.

8.     **Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence.** Defendant moves for an order requiring any agent, including any confidential reliable informant, to retain and preserve rough notes taken as a part of their investigation. In addition, Defendant moves for an order directing any officials involved in this case to preserve the evidence seized in the course of their investigation whether or not it is incorporated into official records. The Government does not object to the motion to the extent the rough notes still exist but does object to the extent Defendant's motion seeks disclosure of rough notes. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence **(Doc. No. 33)** is **GRANTED** to the extent that agents retained such records and evidence while investigating Defendant. Disclosure of rough notes is not required by this Order.

9.     **Defendant's Pretrial Motion to Suppress.** Defendant seeks an order suppressing any items seized from the search of the vehicle Defendant was driving on December 25, 2018. Defendant alleges those items were seized during a warrantless search, and no exception to the warrant requirement applied. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant shall file his post-hearing brief no later than **January 20, 2020**, and the Government shall file its response by **February 3, 2020**. The Court will take Defendant's Motion to Suppress **(Doc. No. 34)** under advisement on **February 3, 2020**, and issue a **Report and Recommendation** to the District Court.

10.     The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Judge Ann D. Montgomery.

Date: December 17, 2019

          *s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge